### No. 467

No. 20255—Isaiah Palmer, et al. v. Herbert W. Mitchell, Admr., etc., et al. Error to the Court of Appeals of Belmont County.

723. LIFE INSURANCE — 1207. Government War Risks—389. Descents—1. If in his certificate of insurance, a soldier had designated a beneficiary prior to Act of March 4, 1925, the latter has no such vested interest. as will prevent Congress from changing beneficiary to estate of the insured.

2. Where, under Sec. 303 of this Act, beneficiary of insured who survives him, but dies before receiving all the installments, the present value of the insurance must be paid to the estate of the soldier, and, if intestate, according to law of descent in force at date of his death.

JONES, J.

1. There is no constitutional inhibition against the power of Congress to pass the various acts, including that approved March 4, 1925, relating to the Federal Government's War Risk Insurance of soldiers engaged in the World War. Congress had the power to change the class of beneficiaries to whom the insurance should be paid upon the soldier's death. If, in his certificate of insurance, the soldier had designated a beneficiary prior to the adoption of said Act of March 4, 1925, said beneficiary has no such vested interest therein as

will prevent Congress from enacting later legislation giving the balance of the insurance due at the beneficiary's death to the estate of the insured.

2. Under Section 303, of the Act of Congress approved March 4, 1925, if the designated beneficiary survives the insured and dies prior to receiving all the installments of insurance payable, the present value of the insurance thereafter must be paid to the estate of the insured soldier and, in case of his intestacy, distributed according to the law of descent and distribution in force at the date of the soldier's death.

Judgment affirmed.

Marshall, CJ., Day, and Matthias, JJ., concur. Allen, J., dissents.